Milligan, J.,
delivered the opinion of the Court.
At the September Term, 1866, of the Circuit Court of Montgomery County, an indictment was found against the plaintiff in error, for an assault, with intent to commit murder in the first degree. To this prosecution, he pleaded, as to the felony, “not guilty;” and in bar of a conviction for an assault and battery, a former conviction before a Justice of the Peace, under the Code, section 4994. Issue was taken upon the first plea, and a replication filed to the second, in which it was averred, that the proceedings before the Justice of the Peace were in fraud of the law; upon which, issue was also joined, and the cause submitted to a TO-
*9 The jury, under the instructions of the Court, found the plaintiff in error, not guilty of the felony, but guilty of an assault and battery. Motion for a new trial and in arrest of judgment, were made, and overruled by the Court, and judgement pronounced on the finding of the jury; from which there is an appeal to this Court.
It is insisted under the Code, sec. 5223, that the plea of former conviction is a bar to this prosecution.
The section referred to, provides, that: “Any person indicted for an assault with intent to till, or commit any other felony, may be found guilty of an assault, or an assault and battery, as the case may be.” The section immediately preceding the one quoted, provides:
“Upon ’an indictment consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense, the commission of which is necessarily included in that with which he is charged, whether it be a felony or a misdemeanor.”
It is well settled, that, to constitute a plea of auter fois convict an available defense in bar of another prosecution, the former conviction must have been lawful. If the tribunal had no competent jurisdiction, or the proceedings were illegal, or the indictment invalid, the conviction will be treated as a nullity: The State vs. Spencer, 10 Hum., 431.
Testing the sufficiency of the plea in question, in the light of the sections of the Code above referred to *10 by this rule, it is very clear, that it cannot avail the plaintiff in error as a bar to this prosecution. He stands charged on an indictment for a felony, and the plain language of the statute providing for the trial of small offenses before the Justice of the Peace, is, that, “Any person brought before a Justice of the Peace for a misdemeanor, may plead guilty, whereupon the Justice shall hear the evidence and find the offender according to the aggravation of the offense, not less than two dollars, and not more than fifty dollars, together with all costs Sec. 4994.
The jurisdiction of a Justice of the Peace in. such cases, is limited to misdemeanors, and does not extend to offenses of the grade of felony. In such case, he has no power to determine whether the party charged with a felony is guilty of a less offense than the one with which he is charged in the warrant, although, the less offense may necessarily be included in the one with which he is charged. That power, by the language of the statute, sec. 5222, rests with the jury trying the cause, and can not be exercised by the Justice. He has no jurisdiction over felonies, except upon a preliminary examination, to discharge the accused, or to bind him over to the Circuit or Criminal Court. In fact, misdemeanors, meriting a fine over fifty dollars, “or imprisonment and fine of any amount, or imprisonment alone, or if the offense is punishable expressly by both fine and imprisonment,” the Justice has no jurisdiction to take the defendant’s submission, and render a final judgement; and should 'he do so, it will be treated as a nullity, and will form no bar *11 in the Circuit or Criminal Court, to a prosecution for the same offense. Code, 5001; also, State vs. Spencer, 10 Hum., 431.
The Legislature has wisely limited the jurisdiction of Justices of the Peace in criminal cases, to misdemeanors not shown by the proof to be of an aggravated character; and if we were to extend their jurisdiction, by construction, beyond the plain intention of the Legislature, we would certainly expose the law to many abuses, to which it is not now liable, and render the punishment of crimes altogether uncertain and ineffectual.
The plea of former conviction, in this case, should have been demurred to; but under the instructions of the Court, which were certainly proper, the jury were directed to disregard it, and the verdict was found on the issue of not guilty; .and we see no reason to disturb it.
Affirm the judgment.